```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DERRICK RERA,

                    Plaintiff,          MEMORANDUM & ORDER
                                        14-CV-3123(JS)(AKT)
        -against-

LAWRENCE GUALTIERI, individually and
as a Detective of the Suffolk County
New York Police Department, ERIC
STOVALL, individually and as a
Detective of the Suffolk County New
York Police Department, and COUNTY
OF SUFFOLK, N.Y.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Arthur V. Graseck, Jr., Esq.
                    95 Meredith Lane
                    Oakdale, NY 11769

For Defendants:     Arlene S. Zwilling, Esq.
                    Suffolk County Attorney
                    H. Lee Dennison Building-Fifth Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788
```

SEYBERT, District Judge:

      This case involves claims of false arrest and excessive force by Derrick Rera ("Plaintiff") against Lawrence Gualtieri ("Detective Gualtieri"), Eric Stovall ("Detective Stovall") and Suffolk County (the "County" and collectively "Defendants"). Currently pending before the Court is Defendants' motion for

summary judgment. (Defs.' Mot., Docket Entry 32.) For the following reasons, Defendants' motion is GRANTED.[1]

BACKGROUND

I. Factual Background[2]

On November 17, 2007, Joseph Sofo ("Sofo") reported to the Suffolk County Police Department that his home in Shirley, New York was burglarized and windows in the rear of the home were damaged. (Defs.' 56.1 Stmt., Docket Entry 30-1, ¶ 1.) Thereafter, two Suffolk County detectives went to Sofo's home to investigate and collected fingerprints.[3] (Defs.' 56.1 Stmt. ¶ 2.)

Almost four years later, in November 2011, Plaintiff was arrested for an unrelated crime and fingerprinted during processing. (Defs.' 56.1 Stmt. ¶ 3.) A Suffolk County Evidence Specialist subsequently determined that Plaintiff's thumbprint matched a fingerprint collected during the investigation of the

---

[1] As discussed infra, the Court construes Defendants' motion as a motion for partial summary judgment on Plaintiff's false arrest claim.

[2] The following material facts are drawn from Defendants' Local Civil Rule 56.1 Statement and Plaintiff's Local Civil Rule 56.1 Counterstatement. Any relevant factual disputes are noted. All internal quotation marks and citations have been omitted.

[3] Although not specified in the parties' Local Rule 56.1 Statements or exhibits, the parties appear to agree that at least some of the fingerprints were collected from a window through which the burglar(s) entered the home. (See Defs.' Br., Docket Entry 32-4, at 5; Pl.'s Aff. in Opp., Docket Entry 33, ¶¶ 15, 28.)

burglary at Sofo's home. (Defs.' 56.1 Stmt. ¶ 4; Identification Section Rep., Defs.' Ex. D, Docket Entry 31, at 11.)[4] On December 26, 2011, Detective Gualtieri notified Sofo that the fingerprints belonged to Plaintiff and showed him a picture of Plaintiff. (Defs.' 56.1 Stmt. ¶ 5.) Sofo provided a statement confirming that he did not recognize Plaintiff or give him permission to enter his home. (Defs.' 56.1 Stmt. ¶ 5.) The same day, at 11:53 a.m., Detective Gualtieri and Detective Stovall (the "Detectives") arrested Plaintiff and transported him to the precinct for processing. (Defs.' 56.1 Stmt. ¶ 6.)

On the way to the precinct, the Detectives drove past Sofo's home and asked Plaintiff if he recognized it. (Defs.' 56.1 Stmt. ¶ 7.) Plaintiff explained that he had installed windows at Sofo's home in the past. (Defs.' 56.1 Stmt. ¶ 7.) The Detectives investigated Plaintiff's claim and learned that Sofo's mother, now deceased, resided at the home when the windows were installed, and as a result, Sofo did not recognize Plaintiff. (Defs.' 56.1 Stmt. ¶ 8.) They also learned that Sofo did not know that Plaintiff was hired to install windows at the residence. (Defs.' 56.1 Stmt. ¶ 8.) After the Detectives confirmed this information, Plaintiff was released. (Defs.' 56.1 Stmt. ¶ 9.) A Prisoner Activity Log form indicates that he was released at 12:20 p.m., and Defendants

---

[4] The Court will use the pagination assigned by the Electronic Case Filing System when referring to the exhibits.

3

allege that Plaintiff spent twenty-seven minutes in custody. (Defs.' 56.1 Stmt. ¶¶ 9, 10; Prisoner Activity Log, Ex. H, Docket Entry 31, at 23.) Plaintiff alleges that he was in custody for approximately ninety minutes.[5] (Pl.'s 56.1 Counterstmt. ¶ 10.)

II. Procedural History

Plaintiff commenced this lawsuit on May 19, 2014 against Detective Gualtieri, Detective John Doe, and Suffolk County. (Compl., Docket Entry 1.) Defendants filed their Answer on June 6, 2014. (Answer, Docket Entry 5.) On November 10, 2014, Plaintiff filed a motion to amend the Complaint and on January 4, 2015, filed a proposed Amended Complaint. (Pl.'s Mot., Docket Entry 11; Am. Compl., Docket Entry 14.) Plaintiff's motion to amend was granted by Magistrate Judge A. Kathleen Tomlinson on July 6, 2015. (Order, Docket Entry 21.)

The Amended Complaint substitutes Detective Stovall for Detective John Doe and alleges that the Detectives "unlawfully arrested [Plaintiff] and subjected him to and/or failed to protect him from excessive force." (Am. Compl. ¶ 1.) Specifically, Plaintiff asserts claims for false arrest and excessive force under 42 U.S.C. § 1983. (Am. Compl. ¶¶ 19-23.) Plaintiff contends that

---

[5] Plaintiff's 56.1 Counterstatement fails to either admit or deny paragraphs one through nine of Defendant's 56.1 Statement. (Pl.'s 56.1 Counterstmt., Docket Entry 30-2.) Accordingly, the foregoing facts are deemed admitted. See Local Civil Rule 56.1(c).

4

the Detectives arrested him without probable cause and "appl[ied] handcuffs excessively tightly to [P]laintiff's wrists" which was "exacerbated by the conduct" of the Detective who drove the police car at an "excessive rate of speed." (Am. Compl. ¶¶ 8, 10, 15.) Plaintiff claims that the alleged mistreatment "was consistent with an institutionalized practice" of the County and that the County "authorized, tolerated . . . and approved of the misconduct." (Am. Compl. ¶ 17-18.) Plaintiff alleges that he sustained "bruises to the wrists, detention or incarceration for about three (3) hours, loss of time from his usual activities, fright, emotional distress, shock to the nerves and nervous system and humiliation." (Am. Compl. ¶ 16.) He seeks compensatory and punitive damages. (Am. Compl. at 5.)

On July 7, 2016, Defendants filed a motion for summary judgment. (Defs.' Mot., Docket Entry 32.) Plaintiff filed an affidavit in opposition to Defendants' motion on August 1, 2016.[6] (See Pl.'s Aff. in Opp.)

## DISCUSSION

I. Legal Standard

Summary judgment will be granted where the movant demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[6] The Court notes that Plaintiff failed to submit a memorandum of law in opposition to Defendants' motion.

5

FED. R. CIV. P. 56(a).  A genuine factual issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed 2d 202 (1986).  In determining whether an award of summary judgment is appropriate, the Court considers the "pleadings, deposition testimony, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits. Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011).

The movant bears the burden of establishing that there are no genuine issues of material fact.  Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994).  Once the movant makes such a showing, the non-movant must proffer specific facts demonstrating "a genuine issue for trial." Giglio v. Buonnadonna Shoprite LLC, No. 06-CV-5191, 2009 WL 3150431, at *4 (E.D.N.Y. Sept. 25, 2009) (internal quotation marks and citation omitted).  Conclusory allegations or denials will not defeat summary judgment. Id.  However, in reviewing the summary judgment record, "'the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" Sheet Metal Workers' Nat'l Pension Fund v. Vadaris Tech. Inc., No. 13-CV-5286, 2015 WL 6449420, at *2 (E.D.N.Y. Oct. 23, 2015) (quoting McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997)).

6

II. Excessive Force Claim

As a preliminary matter, the Court must address the viability of Plaintiff's excessive force claim. While Defendants point out that Plaintiff "previously withdrew his § 1983 excessive force claim," they fail to indicate the basis for this contention.[7] (Defs.' Br. at 1 n.1.) In previous correspondence to the Court, Defendants alleged that Plaintiff abandoned his excessive force claim because it was not included in the Pre-Trial Order. (Defs.' Ltr., Docket Entry 29, at 1.) Defendants are correct that the Pre-Trial Order does not include an excessive force claim. (Pre-Trial Order, Docket Entry 25, ¶ 4.) However, Plaintiff argues that "he did not intentionally abandon his excessive force claim" and states that "he intends to move to correct any portion of the Pre-trial Order which may indicate he did not wish to pursue his excessive force claim." (Pl.'s Aff. in Opp. ¶ 2.)

The Pre-Trial Order "controls the course of the action unless the court modifies it" and may be amended "only to prevent manifest injustice." FED. R. CIV. P. 16(d)-(e). However, "a district court has significant discretion in determining how to apply this directive." Helena Assocs., LLC v. EFCO Corp., No. 06-CV-0861, 2009 WL 2355811, at *2 (S.D.N.Y. July 29, 2009). To determine if an amendment should be permitted, the district court

---

[7] Relying only on their waiver argument, Defendants do not address the merits of Plaintiff's excessive force claim.

should consider: "'(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party.'" Potthast v. Metro-North R.R. Co., 400 F.3d 143, 153 (2d Cir. 2005) (quoting Rapco, Inc. v. Comm'r, 85 F.3d 950, 953 (2d Cir. 1996)). In addition to the prejudice to the opposing party, prejudice to the party seeking the amendment may also be considered. See Potthast, 400 F.3d at 153. Finally, the court should balance "'the need for doing justice on the merits between the parties (in spite of errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements.'" Eberle v. Town of Southampton, 305 F.R.D. 32, 34 (E.D.N.Y. 2015) (quoting Laguna v. Am. Export Isbrandtsen Lines, Inc., 439 F.2d 97, 101 (2d Cir. 1971)).

Notwithstanding Plaintiff's unexplained failure to move to amend the Pre-Trial Order, the Court exercises its discretion and sua sponte GRANTS leave to amend the Pre-Trial Order to add the excessive force claim. Plaintiff asserted an excessive force claim in the Complaint and Amended Complaint, and the Court presumes that the parties engaged in discovery relating to this claim. Additionally, the amendment will not occur on the eve of trial as no trial date has been set for this matter. See Callari v. Blackman Plumbing Supply, Inc., 11-CV-3655, 2016 WL 1273237, at

8

\*6 (E.D.N.Y. Mar. 31, 2016) ("[T]he Court must consider whether the amendment is sought in the midst of trial or on the eve of trial.") (quoting Eberle, 305 F.R.D. at 34) (internal quotation marks omitted). In light of these considerations, the Court finds that Defendants will not be prejudiced by the amendment. Moreover, there is no indication that Plaintiff omitted the claim from the Pre-Trial Order in bad faith.

If Plaintiff wishes to pursue this claim, he must file an Amended Pre-Trial Order within ten (10) days of the date of this Memorandum and Order. To the extent Plaintiff files an Amended Pre-Trial Order, Defendants are invited to file an additional summary judgment motion seeking dismissal of that claim. Should Plaintiff fail to file an Amended Pre-Trial Order as directed, his excessive force claim will be deemed abandoned and dismissed with prejudice.

III. False Arrest Claim[8]

Defendants argue that Plaintiff's claim for false arrest must fail because the Detectives had probable cause to arrest him. (Defs.' Br. at 3.) Specifically, they argue that the presence of Plaintiff's fingerprint on the window used to gain entry to Sofo's

---

[8] The Court will construe the instant motion as a motion for partial summary judgment on Plaintiff's false arrest claim. As set forth supra, Defendants' motion does not address the merits of Plaintiff's excessive force claim. In addition, if Plaintiff pursues that claim, Defendants may file a second summary judgment motion.

9

residence along with Sofo's statement provided the Detectives with probable cause. (Defs.' Br. at 5.) Alternatively, Defendants argue that Detective Gualtieri is entitled to qualified immunity.[9] (Defs.' Br. at 6.)

Under Section 1983 and New York law, "an action for false arrest requires that the plaintiff show that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'"[10] Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d. Cir. 2012) (quoting Broughton v. State of N.Y., 37 N.Y.2d 451, 456, 335 N.E.2d 310, 373 N.Y.S.2d 87 (1975)). However, the existence of probable cause is a "'complete defense to an action for false arrest.'" Jenkins v. City of N.Y., 478 F.3d 76, 84 (2d Cir. 2007) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)). To determine whether there was probable cause for the arrest, the court must focus on whether the "'facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." Ackerson, 702 F.3d at 19 (quoting Jaegly v. Couch, 439 F.3d 149,

---

[9] Defendants argue that Detective Gualtieri is entitled to qualified immunity but make no mention of Detective Stovall.

[10] A false arrest claim under section 1983 "is substantially the same as a claim for false arrest under New York law." Harewood v. Braithwaite, 64 F. Supp. 3d 384, 397 (E.D.N.Y. 2014) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996)).

10

153 (2d Cir. 2006)). Specifically, there is probable cause to arrest when "'the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Jenkins, 478 F.3d at 84 (quoting Weyant, 101 F.3d at 852).

The relevant facts are undisputed.[11] Plaintiff's thumbprint matched a fingerprint collected at Sofo's home during the burglary investigation. (Defs.' 56.1 Stmt. ¶ 4.) Additionally, Detective Gualtieri obtained a sworn statement from Sofo stating that he did not recognize Plaintiff or give him permission to enter his home. (Defs.' 56.1 Stmt. ¶ 5.) The Court find that these two facts "objectively provided probable cause to arrest" Plaintiff. Ackerson, 702 F.3d at 19 (internal quotation marks and citations omitted).

Plaintiff appears to argue that it was unreasonable for the Detectives to rely on Sofo's statement that Plaintiff did not have permission to enter the residence because Sofo was not living in the home. (Pl.'s Aff. in Opp. ¶¶ 11-15.) The Court disagrees. Because Sofo owned the property, it was reasonable for the Detectives to rely on his statement. Moreover, the Court must

---

[11] Plaintiff only disputes how long he was in police custody, which is immaterial. (Pl.'s 56.1 Counterstmt. ¶ 10.)

consider the facts known to the Detectives at the time they made the arrest, see Ackerson, 702 F.3d at 19, and at that time, Sofo had reported that there was a burglary at his summer home and that the suspect identified by police did not have permission to be there.  Based on this information, there was probable cause for Plaintiff's arrest.  Further, as soon as Plaintiff explained why his fingerprints appeared on the windows, the Detectives verified that information and released Plaintiff expeditiously.

Accordingly, because there was probable cause for Plaintiff's arrest, Defendants' motion for summary judgment on Plaintiff's false arrest claim is GRANTED.[12]

CONCLUSION

Defendants' motion for partial summary judgment (Docket Entry 32) is GRANTED and Plaintiff's false arrest claim is DISMISSED WITH PREJUDICE.  As set forth above, if Plaintiff wishes to pursue his excessive force claim, he must file an Amended Pre-Trial Order within ten (10) days of the date of this Memorandum and Order.  In addition, Plaintiff shall ensure that any exhibits and/or witnesses related to the excessive force claim are identified in the Amended Pre-Trial Order.  If Plaintiff files an Amended Pre-Trial Order, Defendants are invited to file an

---

[12] Because Plaintiff's false arrest claim is without merit, it is unnecessary for the Court to determine whether qualified immunity applies.

additional summary judgment motion seeking dismissal of that claim within thirty (30) days of the date Plaintiff files an Amended Pre-Trial Order.  Should Plaintiff fail to file an Amended Pre-Trial Order as directed, his excessive force claim will be dismissed with prejudice and the case will be closed.

                              SO ORDERED.


                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated:    February __14__, 2017
          Central Islip, New York